IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM K. OYADOMARI, | ) | CIVIL 16-00525 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EWA SHEAR and WORKSTAR | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING CASE WITH PREJUDICE

On September 23, 2016, pro se Plaintiff William K. Oyadomari ("Plaintiff") filed his Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] On October 28, 2016, this Court issued an order dismissing the Complaint, with leave to amend, and reserving ruling on the Application, pending the filing of an amended complaint and this Court's screening of the amended complaint ("10/28/16 Order"). [Dkt. no. 4.] The 10/28/16 Order gave Plaintiff until December 28, 2016 to file an amended complaint that cured the defects identified in the 10/28/16 Order. [10/28/16 Order at 9.]

Because Plaintiff has neither filed an amended complaint nor requested an extension of the December 28, 2016 deadline, this Court has the discretion to dismiss the Complaint with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply

with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[1]  After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendants will not be prejudiced by dismissal because Plaintiff did not serve the Complaint, and there are no less drastic alternatives available at this time.

      Plaintiff's Complaint, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE. In light of the dismissal of the Complaint with prejudice,

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

Plaintiff's Application is HEREBY DENIED AS MOOT.

This Court DIRECTS the Clerk's Office to close the case on **January 26, 2017**, unless Plaintiff files a motion for reconsideration of this Order by **January 23, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 5, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILLIAM K. OYADOMARI VS. EWA SHEAR, ET AL; CIVIL 16-00525 LEK-KSC; ORDER DISMISSING CASE WITH PREJUDICE**